IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KELLY JEAN A.,

    *Plaintiff,*

vs.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

    *Defendant.*

Case No. 20-CV-1281-EFM

**MEMORANDUM AND ORDER**

Plaintiff's counsel filed a Motion for Attorney Fees (Doc. 25) which seeks attorney's fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $10,989.03. For the reasons stated below, the Court grants Plaintiff's motion, awards $10,989.03 in reasonable attorney's fees, and orders Plaintiff's counsel to refund to Plaintiff the smaller fee amount ($7,183.62) that she received under the Equal Access to Justice Act ("EAJA") after she receives her attorney's fees.

**I.    Factual and Procedural Background**

Plaintiff hired counsel to prosecute her claim for social security benefits in October 2020.[1] They entered into a contingent-fee arrangement for 25 percent of all retroactive benefits. On October 14, 2020, Plaintiff filed a Complaint in this Court appealing the administrative decision

---

[1] This case was previously assigned to the Honorable Sam Crow. After the pending motion was filed in September 2023, it was re-assigned to the undersigned.

denying her disability benefits. On August 19, 2021, the Court reversed the decision of the Commissioner and remanded the case to the Administrative Law Judge. On November 22, 2021, the Court granted an unopposed motion for attorney's fees under the EAJA in the amount of $7,183.62. On remand, the Commissioner awarded Plaintiff total retroactive benefits of $52,650.10 and past due benefits for Plaintiff's child of $15,306.

Plaintiff's counsel now seeks $10,989.03 in attorney's fees under 42 U.S.C. § 406(b)(1). This total is 25 percent of Plaintiff's past-due benefits ($13,162.53) and 25 percent of Plaintiff's child's past-due benefits ($3,826.50) minus Plaintiff's agency attorney fee agreement of $6,000. Defendant takes no position on counsel's fee request, except to state that Plaintiff's attorney must refund the EAJA fees and defers to the Court's discretion on the reasonableness of the award.

## II.     Legal Standard

Title 42 U.S.C. § 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable [attorney] fee . . . not in excess of 25 percent of the total of the past-due benefits."[2] This provision allows the Court to award attorney fees in conjunction with a remand for further proceedings when a plaintiff eventually is awarded past-due benefits.[3] It is within the Court's discretion as to the amount of a fee award under § 406(b).[4]

---

[2] "The [SSA] deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). "Under the SSA scheme, each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *Id*. (citations omitted). The $6,000 agency attorney fee under § 406(a), referenced above, was already awarded by the Commissioner.

[3] *McGraw*, 450 F.3d at 503.

[4] *Id*. at 505 (citation omitted); *see also Gordon v. Astrue*, 361 F. App'x 933, 934 (10th Cir. 2010) (explaining that "a district court enjoys considerable discretion in the setting of a fee award for work done before it").

In determining whether a contingent-fee agreement produces reasonable results or whether the fee award should be reduced, the Supreme Court directs courts to consider several factors, specifically including: (1) the character of the representation and whether the results it achieved were substandard; (2) whether the attorney was responsible for any delay that caused benefits to accrue during the pendency of the case; and (3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case.[5] The Supreme Court noted that "the comparison of amount of benefits to time spent might be aided by submission of plaintiff's attorney's billing record and normal hourly billing rate."[6] "If counsel is awarded fees under both the EAJA and the SSA, counsel must refund the smaller amount to the claimant."[7]

## III.   Analysis

Applying the factors described above, the Court concludes that the requested fee of $10,989.03 is reasonable. As to the first factor, counsel achieved a favorable result. Regarding the second factor, counsel was not responsible for any delay in the case. And as to the third factor, Plaintiff's counsel submitted an itemized invoice showing that Plaintiff's attorneys and paralegals spent 39.8 hours representing Plaintiff. Of those hours, 32.3 hours were attorney time, and 7.5 hours were paralegal time. Billing the paralegal time at $100 an hour, the effective hourly attorney rate is $317.

The Court concludes that $317 an hour is a reasonable rate. Plaintiff's counsel obtained a favorable result. In addition, although the Court finds that Plaintiff's counsel's hourly fee is not

---

[5] *Gisbrecht*, 535 U.S. at 808 (citations omitted).

[6] *Robbins v. Barnhart*, 2007 WL 675654, at *2 (D. Kan. 2007) (citing *Gisbrecht*, 535 U.S. at 808).

[7] *McGraw*, 450 F.3d at 497–98 (citing *Gisbrecht*, 535 U.S. at 796; *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986)).

high, the Court recognizes that the contingent nature of social security cases sometimes "justifies a fee award which is higher than the normal hourly rate charged by practitioners" due to the probability of the cases not successfully concluding.[8] Furthermore, Plaintiff entered into a contingent fee agreement with her counsel in which she agreed to a fee of 25 percent of past due benefits. Accordingly, the Court grants Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney Fees (Doc. 25) is **GRANTED**. Plaintiff's attorney is entitled to $10,989.03 in attorney's fees. From that amount, Plaintiff's counsel shall refund $7,183.62, the amount of the smaller EAJA award, to Plaintiff.

**IT IS SO ORDERED**.

Dated this 2nd day of November, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[8] *See Rogers v. Kijakazi*, 2022 WL 17718655, at *3 (D. Kan. 2022) (finding that an hourly rate of $2,265.39 with an effective hourly rate of $809.07 was reasonable due to the circumstances of the case).